Filed 5/9/23 P. v. Vizcarra CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061801 |
| v. | (Super. Ct. No. 16CF2235) |
| ANDRES VIZCARRA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Michael J. Cassidy, Judge. Affirmed.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Andres Vizcarra filed a petition for resentencing pursuant to former Penal Code section 1170.95.[1] The trial court denied Vizcarra resentencing relief at the prima facie hearing on the petition. Appointed counsel for Vizcarra filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), setting forth the facts of the case. Citing *Anders v. California* (1967) 386 U.S. 738 (*Anders*), appointed counsel also identified a potential issue to assist in our independent review.[2] Vizcarra was given an opportunity to file a supplemental brief, but did not do so.

Exercising our discretion and in the interest of justice, we have examined the entire record and we find no reasonably arguable issue. (See *Delgadillo, supra,* 14 Cal.5th at p. 232; *People v. Flores* (2020) 54 Cal.App.5th 266, 268.) We therefore affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2018, a jury found Vizcarra guilty of premediated and deliberate attempted murder (§§ 664, subd. (a), 187, subd. (a)), attempted murder (§§ 664, subd. (a), 187, subd. (a)), two counts of assault with a semiautomatic firearm (§ 245, subd. (b)), second degree robbery (§§ 211, 212.5, subd. (c)), and assault with force likely to produce

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) All further statutory references are to the Penal Code.

[2] While this appeal was pending, the California Supreme Court decided *People v. Delgadillo* (2022) 14 Cal.5th 216, 226 (*Delgadillo*) and concluded "the procedures set out in *Anders* and *Wende* do not apply to an appeal from the denial of postconviction relief." However, the court in *Delgadillo* set forth "a few basic procedures" Courts of Appeal should follow when considering an appeal from the denial of a section 1172.6 petition where appointed counsel has found no arguable issues to be pursued. (*Delgadillo, supra,* at pp. 231-232.) In such instances, proper notice must be given to the defendant and the defendant must be provided an opportunity to file a supplemental brief or letter. (*Ibid.*) The Court of Appeal also has the discretion to conduct its own independent review of the record. (*Ibid.*)

great bodily injury (§ 245, subd. (a)(4)). The jury found it true Vizcarra committed these offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). As to the premeditated and deliberate attempted murder, the jury also found Vizcarra had personally inflicted great bodily injury (§ 12022.7, subd. (a)), used a firearm (§ 12022.5, subd. (a)), and discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)). As to the additional count of attempted murder, the jury found Vizcarra had personally used and discharged a firearm (§ 12022.53, subds. (b) and (c)). The jury also found Vizcarra personally inflicted great bodily injury during the commission of the assault with a semiautomatic firearm and personally used and discharged a firearm during the commission of the second degree robbery. The trial court imposed a total sentence of 59 years to life.

On direct appeal to this court, the matter was remanded for the trial court to consider whether to strike or impose certain enhancements at sentencing. (*People v. Vizcarra* (Feb. 14, 2020, G056969) [nonpub. opn.].) The judgment was otherwise affirmed. (*Ibid.*)

In June 2022, Vizcarra filed a petition for resentencing in the trial court pursuant to former section 1170.95. Counsel was appointed at his request. The People filed a response to Vizcarra's petition, arguing it should be denied. No reply was filed by Vizcarra's counsel. The trial court conducted a prima facie hearing on the petition and after considering the People's response, arguments from counsel, and the record of conviction, the trial court found Vizcarra had failed to establish a prima facie showing for relief. The trial court then issued a statement of decision. Vizcarra appealed.

DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) amended the felony murder rule and the natural and probable

3

consequences doctrine as it relates to murder "'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.]" (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) Senate Bill No. 1437 also created procedures "for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis*, at p. 957.) A subsequent amendment to former section 1170.95 extended relief to defendants convicted of attempted murder based on the natural and probable consequences doctrine or manslaughter. (Sen. Bill No. 775 (2021-2022 Reg. Sess.) Stats. 2021, ch. 551.)

After receipt of a section 1172.6 resentencing petition, counsel shall be appointed upon petitioner's request, the prosecutor must then file a response to the petition, and a reply may be filed by the petitioner. (§ 1172.6, subds. (b)(1)-(3) & (c).) The trial court shall then "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (*Id.,* subd. (c).)

At the prima facie hearing, the trial court may rely on the record of conviction. (*Lewis, supra*, 11 Cal.5th at pp. 970-971.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under [former] section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id.* at p. 971.)

Vizcarra's counsel suggests we consider whether the trial court erred in finding him ineligible for resentencing based on a review of the jury instructions and verdict forms. Instructions given to the jury at a petitioner's trial may be relied on by the trial court as part of the record of conviction at the prima facie hearing. (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055.) The fact that Vizcarra was not convicted under a theory of natural and probable consequences or imputed malice "may be conclusively determined if, for example, the jury did not receive instructions on either theory. [Citations.]" (*People v. Rivera* (2021) 62 Cal.App.5th 217, 236-237.) "It is only where

4

the record of conviction establishes the petition lacks merit *as a matter of law* that the court may deny the petition without a hearing. [Citation.]" (*People v. Lopez* (2023) 88 Cal.App.5th 566, 576.)

Here, the trial court reviewed the record of conviction, particularly noting the jury instructions and verdict forms. "[Vizcarra] was not convicted of attempted murder under a natural and probable consequences theory, and the jury was not instructed on any theory of liability that required that malice be imputed to him." Since the record of conviction established Vizcarra was not convicted under a vicarious liability theory, relief was properly denied by the trial court.

After an independent review of the entire appellate record, we find no arguable issue. We therefore affirm the trial court's order denying Vizcarra postjudgment relief.

## DISPOSITION

The postjudgment order denying the resentencing petition is affirmed.


                                                    MOTOIKE, J.


WE CONCUR:



BEDSWORTH, ACTING P.J.



GOETHALS, J.

5